UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>D. LAWHORN, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01602-JLT-CDB (PC)<br><br>**ORDER ON DEFENDANTS' EX PARTE APPLICATION EXTENDING *NUNC PRO TUNC* TIME TO RESPOND TO COMPLAINT**<br><br>(Doc. 25) |

Plaintiff Ricardo Martinez is proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**INTRODUCTION**

On February 14, 2023, the Court issued its Order Finding Service of Complaint Appropriate, directing service of Plaintiff's complaint upon Defendants Lawhorn, Mariscal and Pfeiffer. (Doc. 19.) On March 14, 2023, counsel for Defendants filed a Waiver of Service of Summons. (Doc. 23.) Accordingly, Defendants' answer or Federal Rules of Civil Procedure Rule 12 motion was to be filed no later than April 17, 2023. (*Id*.)

On April 17, 2023 – the due date for their filing of a response to the complaint – Defendants filed an Ex Parte Application for Extension of Time to File Response to Complaint. (Doc. 25.) Defendants seek an extension of 30 days to respond to the complaint. (*Id*.)

//

**DISCUSSION**

In the ex parte application, Defendants cite to Rule 6(b)(1) of the Federal Rules of Civil Procedure to support their request for an extension of time within which to file a response to Plaintiff's complaint. (Doc. 25 at 3.) Defendants contend good cause exists to grant the 30-day extension because additional time is needed to analyze the complaint and prepare a response. (*Id.*) The application is supported by the Declaration of Deputy Attorney General Joshua A. Shuster. (*Id.* at 4.) Mr. Schuster declares, in relevant part, that the "press of business" necessitates the request for an extension of time, citing to matters filed in this Court, as well matters filed in the three other California district courts and a matter filed in the Ninth Circuit Court of Appeals. (*Id.*, ¶ 4.) Counsel seeks a 30-day extension of time to May 17, 2023 and declares such an extension would not significantly delay the prosecution of the action, nor materially prejudice Plaintiff. (*Id.*, ¶¶ 5-6.) Counsel declares the request is not made for the purpose of harassment, is not intended to cause undue delay, and is not brought for an improper reason. (*Id.*, ¶ 6.)

Requests for extensions of time in the Eastern District of California are governed by Local Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action *as soon as the need for an extension becomes apparent*." L.R. 144(d) (emphasis added). Here, given counsel's representations about the "press of other business" he faced, it should have become apparent before the due date for Defendants to file a response to the complaint that such an extension was needed, and, hence, under Local Rule 144, Defendants were required to file their current request for extension of time before now. Contrary to counsel's characterization (*see* Doc. 25 at 3), Rule 6(b) does not countenance waiting until the eleventh hour to seek an extension.

The Court disfavors granting *nunc pro tunc* and ex parte relief and directs Defendants to exercise better care in anticipating any future requests for extensions of time and filing such requests well before the terminal filing date that they seek to extend. Nevertheless, given counsel's representations in his ex parte application, the Court finds good cause to grant the relief requested.

//

**ORDER**

Good cause appearing, Defendants' ex parte application for a 30-day extension of time within which to file a response to Plaintiff's complaint (Doc. 25) is **GRANTED** *nunc pro tunc*. Defendants SHALL file a responsive pleading **no later than May 17, 2023**.

IT IS SO ORDERED.

Dated:   **April 18, 2023**                                      _____
                                                                                    UNITED STATES MAGISTRATE JUDGE