UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>             Plaintiff,<br><br>   v.<br><br>D. LAWHORN, et al.,<br><br>             Defendants. | Case No. 1:21-cv-01602-JLT-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>(Doc. 29) |

Plaintiff Ricardo Martinez is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

On May 30, 2023, Plaintiff filed Motion for Appointment of Counsel. (Doc. 29.) Plaintiff indicates he is "proceeding pro se and in forma pauperis" in this action. (*Id*.) He requests the appointment of counsel "pursuant to 28 U.S.C. 1915(e)(1)" and states he is unable to afford counsel, has requested leave to proceed in forma pauperis, has "limited knowledge of law with a TABE score of 02.0,"[1] that this action is complex, and that the trial "will likely involve conflicting testimony, and counsel would better enable Plaintiff to represent evidence and cross examine witnesses." (*Id*.)

---

[1] "The TABE (Tests of Adult Basic Education) scores reflect an inmate's educational achievement level and are expressed in numbers reflecting grade level." *Reynaldo v. Arnold*, No. 2:15–cv–2182 KJM DB P, 2017 WL 3981602, at *3 (E.D. Cal. Sept. 11, 2017).

**II.    DISCUSSION**

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. Indeed, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. *See, e.g.*, *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony").

Plaintiff is advised the fact an attorney may be better able to perform research, investigate, and represent a plaintiff does not change the analysis. There is little doubt most *pro se* litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331; *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a *pro se* litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Next, as to Plaintiff's assertion that his low TABE warrants the appointment of counsel, the Court disagrees. Following screening of Plaintiff's original complaint,[2] the Court determined that Plaintiff had plausibly alleged Eighth Amendment excessive force claims against Defendants Lawhorn and Pfeiffer, as well as an Eighth Amendment failure to protect claim against Defendant Mariscal. Thus, the Court finds Plaintiff can adequately articulate his claims regardless of his TABE score. *Wilborn*, 789 F.2d at 1331; *Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-*4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel"); *Jones v. Stieferman*, No. CIV S-06-2732-FCD-CMK-P, 2007 WL 4219169, at *1

---

[2] Plaintiff signed his complaint under penalty of perjury and indicated he had no assistance in the preparation of his complaint. (*See* Doc. 1 at 7.)

3

(E.D. Cal., Nov. 29, 2007) ("being disabled and requiring use of a wheelchair to assist with mobility is not the type of exceptional circumstances which allow the court to request voluntary assistance of counsel"); *see also Fletcher v. Quin*, No. 15CV2156-GPC (NLS), 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (impairment must be "an incapacitating mental disability" and be supported by "substantial evidence of incompetence").

As for a plaintiff's indigency, indigency does not qualify as an exceptional circumstance. *See Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"). Moreover, here, despite Plaintiff's assertion that he is proceeding *in forma pauperis* (IFP) in this action, that assertion is not accurate. On January 20, 2022, the Court issued findings and recommendations to dismiss this action for Plaintiff's failure to prosecute or to pay the filing fee. (Doc. 8.) Plaintiff filed objections to those findings (*see* Docs. 9, 11, 13), but ultimately paid the $402 filing fee in full (*see* Docket Entry of 3/29/22 [receipt number CAE100050270]). Therefore, Plaintiff is not proceeding IFP, nor was any application to proceed IFP filed or granted by the Court. Significantly, this Court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding IFP.

Finally, at this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. While Plaintiff's complaint has been screened as required by 28 U.S.C. § 1915A(a) and Defendants Lawhorn, Mariscal and Pfeiffer have filed an answer to Plaintiff's complaint, the allegations may or may not be proven; that determination has not yet been made. A merits-based determination that tests the veracity of the claims based upon evidence adduced during litigation is different than a screening determination—where the Court accepts a plaintiff's factual allegations as true for the purposes of screening and assesses whether a plaintiff has plausibly stated a claim or claims upon which relief can be granted.

In sum, Plaintiff faces challenges and circumstances faced by most *pro se* prisoner litigants. Nevertheless, those circumstances are not exceptional and do not warrant the appointment of counsel. *Rand*, 113 F.3d at 1525.

### III. CONCLUSION AND ORDER

Accordingly, and for the reasons stated above**,** Plaintiff's motion for the appointment of counsel (Doc. 29) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:     **May 31, 2023**                                    _____
                                                              UNITED STATES MAGISTRATE JUDGE