UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>D. LAWHORN, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01602-JLT-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL**<br><br>(Doc. 43) |

Plaintiff Ricardo Martinez is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT PROCEDURAL BACKGROUND**

On May 30, 2023, Plaintiff filed Motion for Appointment of Counsel. (Doc. 29.)

On May 31, 2023, the Court issued its Order Denying Plaintiff's Motion to Appoint Counsel. (Doc. 34.)

On November 16, 2023, Plaintiff filed a second motion seeking the appointment of counsel. (Doc. 43.) In his motion, Plaintiff states he is unable to afford counsel, has limited knowledge of the law "with a TABE score 02.0,"[1] that the issues involved in this action are

---

[1] TABE stands for "Test of Adult Basic Education," which measures an inmate's ability to understand and participate in the disciplinary process. *See* Cal. Code Regs., tit. 15, § 3000 (defining "effective communication"). When an inmate has a TABE score of 4.0 or below, prison staff must assess whether the inmate requires a Staff Assistant. *Id.*

complex, and that because of conflicting testimony at trial, counsel would be better able "to represent evidence and cross examine witnesses." (*Id*.)

**II. DISCUSSION**

As previously explained, plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. (*See* Doc. 34 at 2) (citing *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998)). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

Once again, the Court finds the required exceptional circumstances are absent here. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. Indeed, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. *See, e.g.*, *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel");

2

*see also Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony").

Plaintiff is again advised the fact an attorney may be better able to perform research, investigate, and represent a plaintiff does not change the analysis. There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331; *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Next, as previously found, Plaintiff's low TABE score does not warrant the appointment of counsel. Following screening of Plaintiff's original complaint, the Court determined that Plaintiff had plausibly alleged Eighth Amendment excessive force claims against Defendants Lawhorn and Pfeiffer, as well as an Eighth Amendment failure to protect claim against Defendant Mariscal. Thus, the Court finds Plaintiff can adequately articulate his claims regardless of his TABE score. *Wilborn*, 789 F.2d at 1331; *see also Ruiz v. Stane*, No. 1:22-c-v-00236-HBK (PC), 2023 WL 3324750, at *1 (E.D. Cal. Apr. 10, 2023) (plaintiff's claimed "TABE score of 0.00" did not warrant appointment of counsel); *Batton v. Zarate*, No. 1:21-cv-00571-JLT (PC), 2021 WL 5301973, at *1 (E.D. Cal. Nov. 15, 2021) (order denying appointed counsel where plaintiff

3

claimed TABE score of 2.1).

And again, indigency does not qualify as an exceptional circumstance. *See Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"). Moreover, and as previously found, because Plaintiff paid the $402 filing fee (*see* Docket Entry of 3/29/22 [receipt number CAE100050270]), he is not proceeding *in forma pauperis* (IFP), and the Court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding IFP.

Finally, at this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. A merits-based determination tests the veracity of the claims based upon evidence adduced during litigation. Here, Defendants have filed a motion for summary judgment alleging Plaintiff did not properly exhaust his claims against Defendants Pfeiffer and Mariscal. (Doc. 37.) Briefing on that motion is ongoing. Any motion for summary judgment concerning the merits of Plaintiff's claims will be filed at some future date following resolution of the exhaustion motion. In any event, the Court finds Plaintiff is able to articulate his claims. Plaintiff's complaint survived initial screening and the Court ordered service of the complaint. Plaintiff has engaged in discovery by his own admission and has recently filed a motion to compel. Finally, Plaintiff has prosecuted his case for two years.

In sum, Plaintiff faces challenges and circumstances faced by most pro se prisoner litigants. Nevertheless, those circumstances are not exceptional and do not warrant the appointment of counsel. *Rand*, 113 F.3d at 1525.

### III. CONCLUSION AND ORDER

Accordingly, and for the reasons stated above, Plaintiff's second motion for the appointment of counsel (Doc. 43) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   **November 20, 2023**

UNITED STATES MAGISTRATE JUDGE

4