UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>D. LAWHORN, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01602-JLT-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>(Doc. 38) |

Plaintiff Ricardo Martinez is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.   INTRODUCTION

The Court issued its Discovery and Scheduling Order on May 31, 2023. (Doc. 33.)

On October 13, 2023, Plaintiff filed a document titled "Motion for an Order Compelling Discovery." (Doc. 38.) Defendants filed an opposition to Plaintiff's motion on November 2, 2023. (Doc. 39.) Plaintiff did not file an optional reply.

## II.   DISCUSSION

### *Plaintiff's Motion*

Plaintiff seeks an order "pursuant to Rule 37(a) of the Federal Rules of Civil Procedure compelling" defense counsel to "fully produce documents." (Doc. 38 at 1.) Plaintiff contends defense counsel "failed on 7/24/2023, and 9/18/2023" to produce documents. (*Id.*) Plaintiff

contends the requested documents "are necessary to prove Defendants violations of federal and state constitutional rights" and to prove Defendant Leyva's "perjury violation." (*Id.*) Plaintiff asserts he "submitted a [*sic*] multiple written requests for these documents pursuant to Rule 34 … but have not yet received the documents." (*Id.* at 2.) Plaintiff states "during the period in question" he filed "multiple emergency grievances concerning the issues in this case," as well as "a multiple medical grievance." (*Id.*) Plaintiff states the following:

> Both administrative remedies, which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).
>
> Violation of [Rule 3-200 (A) (B)] prohibited objective of employment
>
> Violation of Rule 2-400 (A)(1)(2)(3) prohibited discriminatory conducting law practice and Rule 3-210 advisin[g] the violation of law

(*Id.*) Attached as "Exhibit A" to the motion is a handwritten document titled "Plaintiff Third Request for Production of Documents." (*Id.* at 4-8.) The exhibit includes a number of additional documents or pages, some of which are alleged re-creations of grievance or appeals forms. (*Id.* at 9-20.)

### *Defendants' Opposition*

Defendants contend Plaintiff failed to follow Rule 37(a) of the Federal Rules of Civil Procedure and this Court's Local Rule 251(b) because he did not make any effort to meet and confer prior to filing his motion. (Doc. 39 at 2 & 39-1 at 2, ¶ 2.) Additionally, Defendants assert Plaintiff's motion fails to identify the category or categories of documents that require further responses, making a response to his motion impossible. (*Id.*) Defendants allege Plaintiff "simply argues that he has filed multiple grievances, to which he would already have access to since he is given a copy of the grievances by the prison, along with institutional and headquarters responses." (*Id.*) Further, Defendants contend Plaintiff's request for production of documents was not served until October 2, 2023, making his motion premature "because responses are not yet due." (*Id.* at 2-3.)

//

*Analysis*

Federal Rule of Civil Procedure 37 provides, in relevant part, as follows:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
>
> *(1) In General*. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> *(3) Specific Motions*.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34.

Fed. R. Civ. P. 37. Rule 37 concerns the failure to make disclosure or cooperate in discovery and provides for the potential of sanctions for such failures.

Local Rule 251(b) provides, in relevant part, that "a motion made pursuant to Fed. R. Civ. P. 26 through 37 and 45, including any motion to exceed discovery limitations or motion for protective order, shall not be heard unless … the parties have conferred and attempted to resolve their differences." Further, the First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued November 3, 2021, states:

> If a response to discovery is found to be unsatisfactory, the party seeking discovery may file a motion to compel a further response and in that case must include a copy of the discovery propounded and the response to it. Fed. Civ. P. 37. A motion to compel must be accompanied by a "certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure disclosure without court action. Fed. Civ. P. 37(a)(1). A moving party should not seek to compel production of documents which are equally available to the moving party, such as documents in plaintiff's central file. A discovery motion that does not comply with applicable rules may be stricken

and may result in imposition of sanctions.

(Doc. 2 at 4-5.)

### Plaintiff Failed to Meet and Confer

Here, Plaintiff's motion is not accompanied by a certification that he has made a good faith effort to meet and confer regarding his discovery requests. It is Plaintiff's obligation to do so. *See* Fed. R. Civ. P. 37(a)(1); Local Rule 251(b). Moreover, defense counsel declares Plaintiff has never contacted him regarding allegedly deficient discovery responses or his motion to compel. (*See* Doc. 39-1 at 2, ¶ 2.)

### Plaintiff Failed to Identify the Alleged Deficiencies

Plaintiff does not explain how any response to his third request for production of documents is deficient. It is his obligation to do so. *See* Fed. R. Civ. P. 37.

A review of the motion reveals it could be inferred that Plaintiff is contending Defendants failed to respond in any way. But, as discussed below, it is clear the lack of an explanation as to any deficiency is due to the fact Plaintiff's motion is premature.

### Plaintiff Failed to Provide Defendant's Responses

Plaintiff failed to provide a copy of Defendants' response to his third request for production of documents. It is his obligation to do so. (*See* Doc. 2 at 4 ["a motion to compel a further response … must include a copy of the discovery propounded and the response to it"].) Additionally, as Defendants point out (Doc. 39 at 2-3), Plaintiff's request was served October 2, 2023. His motion to compel is signed and dated October 9, 2023. Thus, Plaintiff's motion does not include Defendants' required responses because those responses were not yet due when Plaintiff filed his motion.

### Plaintiff's References to Previous Requests

To the extent Plaintiff references previous requests for production of documents alleging Defendants failed to respond (*see* Doc. 38 at 1 ["failed on 7/24/2023, and 9/18/2023"]), the instant motion also fails to address meet and confer efforts and does not include either Plaintiff's earlier requests or Defendants' responses thereto.

//

Additional Comments

The Court notes Plaintiff's motion includes what appear to be Plaintiff's re-creation of grievances or appeals related to his claims in this action. In other words, Plaintiff has re-created grievance or appeals forms themselves by hand, then included language in the sections provided for in those forms with his specific allegations. It is unclear and unexplained why Plaintiff has not provided actual copies of the grievances or appeal forms with his motion. Defendants note in their opposition that Plaintiff "would already have access" to the multiple grievances he references because "he is given a copy of the grievances by the prison, along with institutional and headquarters responses." (Doc. 39 at 2.)

Plaintiff is advised the Court has concerns about the authenticity and admissibility of his offerings. *See* Fed. R. Evid. 901, 1001-1003. Nonetheless, because his motion will be denied on the bases identified above, the Court need not reach the issue.

### III.     ORDER AND CONCLUSION

For the reasons given above, Plaintiff's motion to compel (Doc. 37) is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 23, 2024**

UNITED STATES MAGISTRATE JUDGE