UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>            Plaintiff,<br><br>       v.<br><br>D. LAWHORN, et al.,<br><br>            Defendants. | Case No. 1:21-cv-01602-JLT-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>(Doc. 37) |

Plaintiff Ricardo Martinez is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.      INTRODUCTION**

On May 31, 2023, the Court issued its Discovery and Scheduling Order. (Doc. 33.) Relevant here, the order set a September 30, 2023 deadline for the filing by Defendants of any motion for summary judgment on the grounds of failure to exhaust administrative remedies. (*Id*.)

On September 29, 2023, Defendants filed their motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. (Doc. 37.)

On November 6, 2023, the Court issued its Order to Show Cause ("OSC") in Writing Why Action Should Not Be Dismissed for Failure to Obey Court Orders. (Doc. 40.) Specifically, Plaintiff was directed to show cause in writing within 14 days why he failed to timely file an

opposition or statement of non-opposition to Defendants' motion for summary judgment, as required by the Local Rules, or, alternatively, to file his opposition or statement of non-opposition. (*Id*. at 2.)

On November 8, 2023, the Court issued its Order Granting Stay of Merits-Based Discovery, pending resolution of the exhaustion-based summary judgment motion. (Doc. 42.)

On November 17, 2023, Plaintiff filed a written response to the OSC. (Doc. 44.)

In its Order discharging the OSC, on November 20, 2023, the Court construed Plaintiff's response to the OSC to be an opposition to Defendants' motion for summary judgment and directed Defendants to file any reply within 14 days. (Doc. 46.)

On December 1, 2023, Defendants filed a reply to Plaintiff's opposition. (Doc. 47.)

## II.   SUMMARY OF FACTS

### A. The Allegations in Plaintiff's Complaint

Plaintiff contends that on March 22, 2020, he sent a letter to Warden Pfeiffer advising the warden that Correctional Officer Lawhorn was harassing him. (Doc. 1 at 5.) Defendant Pfeiffer did not act upon the information. (*Id*.) Plaintiff asserts that on April 25, 2020, Defendant Lawhorn searched his cell, telling Plaintiff he was doing so because Plaintiff wanted "to write up the warden" and stating he knew "what [Plaintiff is] in here for." (*Id*. at 4.) When Lawhorn completed his search, Lawhorn told Plaintiff he was "lucky" that he did not find anything. (*Id*.) Plaintiff replied that he intended to write up Lawhorn. (*Id*.) Plaintiff contends that "without any provocation" from him, Lawhorn began hitting Plaintiff. (*Id*.) As a result of Lawhorn's assault, Plaintiff received a one inch cut above his right eye and bruising to his ribs and stomach. (*Id*.) Further, Plaintiff contends Defendant Mariscal observed Lawhorn's actions that date, but stood by and did nothing to stop it. (*Id*. at 4, 6.)

This action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants Lawhorn and Pfeiffer, and Eighth Amendment failure to protect claim against Defendant Mariscal. (*See* Doc. 18.)

//

//

**B. Defendants' Statement of Undisputed Facts**

Defendants submit the following separate statement of undisputed material facts:

1. Martinez submitted a grievance to the Kern Valley State Prison (KVSP) appeals office on April 25, 2020 that was issued log number KVSP-0-20-01551.
2. Martinez specifically pled that KVSP-0-20-01551 exhausted the basis of this lawsuit.
3. In the grievance, Plaintiff claimed in one sentence that he was the subject of intentional force by Defendant Lawhorn. The grievance did not mention Defendants Mariscal or Pfeiffer.
4. The grievance bypassed the first level of review and received a second level review.
5. The grievance was reviewed and cancelled because Plaintiff failed to meet for an interview regarding his matter, and such a failure violated Cal. Code Regs. tit. 15, § 3084.6(c)(8).
6. Martinez received notice of the cancellation and the letter he received informed him he could appeal the cancellation.
7. Plaintiff has not appealed the cancellation as of September 27, 2023.

(Doc. 37-3 [hereafter "UDF"].)

**III.    LEGAL STANDARDS**

**A. Summary Judgment**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears

3

1  the burden of proof at trial, "the moving party need only prove that there is an absence of

2  evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*,

3  477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

4      Summary judgment should be entered against a party who fails to make a showing

5  sufficient to establish the existence of an element essential to that party's case, and on which that

6  party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of

7  proof concerning an essential element of the nonmoving party's case necessarily renders all other

8  facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted,

9  "so long as whatever is before the district court demonstrates that the standard for the entry of

10 summary judgment … is satisfied." *Id.* at 323.

## B. Exhaustion of Administrative Remedies

12     The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with

13 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

14 confined in any jail, prison, or other correctional facility until such administrative remedies as are

15 available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is

16 mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199,

17 211 (2007). Inmates are required to "complete the administrative review process in accordance

18 with the applicable procedural rules, including deadlines, as a precondition to bringing suit in

19 federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies

20 to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of

21 the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532

22 U.S. 731, 741 (2001).

23     The failure to exhaust administrative remedies is an affirmative defense, which the

24 defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. The defendant bears the burden of

25 producing evidence that proves a failure to exhaust. Summary judgment is appropriate only if the

26 undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed

27 to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

28     On a motion for summary judgment, the defendant must prove (1) the existence of an

1 available administrative remedy and (2) that the plaintiff failed to exhaust that remedy. *Id*. at 1172
2 (citation omitted). If the defendant meets this burden, the plaintiff then "has the burden of
3 production. That is, the burden shifts to the prisoner to come forward with evidence showing that
4 there is something in his particular case that made the existing and generally available
5 administrative remedies effectively unavailable to him." *Id.* (citation omitted). "However, … the
6 ultimate burden of proof remains with the defendant." *Id.*

7 An inmate "need not exhaust unavailable [remedies]." *Ross v. Blake*, 578 U.S. 632, 642
8 (2016). An administrative remedy is unavailable "when (despite what regulations or guidance
9 materials may promise) it operates as a simple dead end with officers unable or consistently
10 unwilling to provide any relief to aggrieved inmates"; or when "an administrative scheme [is] so
11 opaque that it becomes, practically speaking, incapable of use, [i.e.,] some mechanism exists to
12 provide relief, but no ordinary prisoner can discern or navigate [the mechanism]"; or "when
13 prison administrators thwart inmates from taking advantage of a grievance process through
14 machination, misrepresentation, or intimidation." *Id*. at 643-44.

15 When the district court concludes that the prisoner has not exhausted administrative
16 remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Wyatt v.*
17 *Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), *overruled on other grounds* by
18 *Albino*, 747 F.3d at 1168-69. "If a motion for summary judgment is denied, disputed factual
19 questions relevant to exhaustion should be decided by the judge." *Albino*, 747 F.3d at 1170. If the
20 court finds that remedies were not available, the prisoner exhausted available remedies, or the
21 failure to exhaust available remedies should be excused, the case proceeds to the merits. *Id*. at
22 1171.

23 **C. CDCR Grievance Process**

24 The California Department of Corrections and Rehabilitation ("CDCR") has an
25 administrative grievance system for prisoners to appeal a policy, decision, action, condition, or
26 omission by the department or staff if it has an adverse effect on prisoner health, safety, or
27 welfare. Cal. Code Regs. tit. 15, §§ 3084.1(a) (2018), 3999.226(a). Compliance with 42 U.S.C. §
28 1997e(a) requires California-state prisoners to pursue CDCR's grievance process to exhaust their

claims prior to filing suit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford*, 548 U.S. at 85-86. Administrative appeals are generally subject to two to three levels of review before the remedy is deemed exhausted. Cal. Code Regs. tit. 15, §§ 3084.1(b) (2018), 3084.7(d)(3) (2018), 3999.226(g), 3999.230(h); *Sapp*, 623 F.3d at 818.

## IV.    EVIDENTIARY MATTERS

Plaintiff has failed to properly respond to Defendants' Statement of Undisputed Facts in support of the motion for summary judgment. Plaintiff was served with a *Rand* warning that included the following language: "For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. *See* L.R. 260(b)." (Doc. 37-4 at 2:17-20.)

Plaintiff neither reproduced Defendants' itemized facts, nor admitted or denied those facts. (*See* Doc. 44.) Because Plaintiff has not complied with Rule 260(b), the Court deems Plaintiff to have admitted those facts. *See, e.g.*, *Beard v. Banks*, 548 U.S. 521, 527 (2006) ("by failing specifically to challenge the facts identified in the defendant's statement of undisputed facts, [plaintiff] is deemed to have admitted the validity of the facts contained in the [defendant's] statement."); *Brito v. Barr*, No. 2:18-cv-00097-KJM-DB, 2020 WL 4003824, at *6 (E.D. Cal. July 15, 2020) (deeming defendant's undisputed facts as admitted after plaintiff failed to comply with Local Rule 260(b)).  Nevertheless, where Plaintiff's verified complaint or evidence submitted in support of his opposition to Defendants' motion for summary judgment bring Defendants' proffered facts into dispute, the Court considered the complaint and any evidence. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (the court considers as evidence those parts of the verified complaint based on plaintiff's personal knowledge).

## V.    DISCUSSION

The question before the Court is whether Plaintiff exhausted his administrative remedies concerning his Eighth Amendment claims against Defendants Lawhorn, Mariscal and Pfeiffer.

The undersigned finds Defendants have met their initial burden of showing there is no genuine issue of material of fact because there exists an available administrative remedy and

Plaintiff failed to exhaust his administrative remedies. (*See* Doc. 37 at 3, 5-8; Doc. 37-1, ¶¶ 7-8; Doc. 37-2 at 2-5.) *See In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387; *Albino,* 747 F.3d at 1172. Specifically, Defendants have shown that grievance KVSP-0-20-01551 references only Defendant Lawhorn and makes no reference to Defendants Mariscal or Pfeiffer, that the grievance was cancelled at the second level for Plaintiff's failure to meet with the investigating lieutenant, and that Plaintiff did not appeal the cancellation of the grievance. (UDF ¶¶ 1, 3-7.)

Therefore, the burden shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.

In his opposition, Plaintiff states he submitted a declaration on October 19, 2023, "in which on exhibit set two, it is a true handwriting copy of a CDCR 602 grievance dated 4/29/2020, with a log #KVSP-0-20-01551 also on this exhibit including copies of both administrative remedies, which means using all steps that the agency holds out, and doing so properly." (Doc. 44 at 1.) Plaintiff states he also "attached a copy of a letter mailed to Defendant C. Pfeiffer, on this letter I request for an amend modification of a numerous grievances including grievance log #KVSP-0-20-1551." (*Id.* at 2.) Plaintiff asserts defense counsel "failed to fully produce of documents" on July 24, 2023, and September 18, 2023. (*Id.*) Plaintiff states he "is attaching copies of" his third request for production of documents "in which these documents also necessary to show to the court for a consider of Plaintiff request for denied of Defendants summary judgment."[1] (*Id.*)

In their reply to Plaintiff's opposition, Defendants state Plaintiff testified under oath that the sole grievance related to this litigation is the grievance bearing log number KVSP-0-20-1551. (Doc. 47 at 1.) Further, Defendants contend Plaintiff has failed to refute their documentary and testimonial evidence establishing that Plaintiff failed to exhaust administrative remedies because he failed to participate, that the grievance was cancelled, and that Plaintiff failed to appeal the

---

[1] Plaintiff was subsequently advised by the Court that "there were no attachments to Plaintiff's response to the Order to Show Cause ("OSC"). If Plaintiff intended to submit additional documentation or exhibits, he did not do so. The written response to the OSC is two pages in total and did not include copies of Plaintiff's 'Third Request for Production of Documents.'" (*See* Doc. 46 at 2.)

1 cancellation. (*Id*. at 2.)

2 Here, Plaintiff fails to meet his burden of coming "forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. Other than the statements made in his opposition, Plaintiff fails to offer any evidence – "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" *see* Fed. R. Civ. P. 56(c)(1)(A) – to support his claim that he exhausted his administrative remedies.

On this record, it is undisputed that the only grievance Plaintiff submitted refers only to Defendant Lawhorn; it makes no mention whatsoever of Defendant Mariscal or Defendant Pfeiffer. (UDF ¶ 3; Doc. 37-2 at 3 ["April 25, 2020, approx. 10:50 AM Officer D. Lawhorn did an intentional force by a sirious of an assault"].) *See Hackworth v. Arevalos*, No. 1:19-cv-01362-ADA-CDB (PC), 2022 WL 18027835, at *3 (E.D. Cal. Dec. 30, 2022) ("The Court concludes that, because the grievance did not identify Defendants Brainard or Stohl, the claims against them were not exhausted at the administrative level and must be dismissed"), findings and recommendations adopted, 2023 WL 2751532 (E.D. Cal. Mar. 31, 2023).

Further, it is undisputed that Plaintiff's only grievance was cancelled at the second level on May 20, 2020, because Plaintiff refused to participate in an interview with Lieutenant L. Moore on May 18, 2020. (*See* UDF ¶¶ 4, 5; Doc. 37-2 at 2, 5.)

Finally, it is undisputed that Plaintiff failed to appeal the cancellation of his only grievance. (UDF ¶ 7; Doc. 37-1 at 3, ¶ 8.)

Plaintiff was expressly advised as follows:

> Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, the appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

(Doc. 37-2 at 2.) Plaintiff did not file a separate appeal challenging the cancellation decision. Nor

8

has Plaintiff offered any evidence to indicate he did so. As long as some relief was still available to Plaintiff through the administrative process, he was required to continue his exhaustion efforts even if the exhaustion process would ultimately prove futile. *See Brown v. Valoff*, 422 F.3d 926, 940-45 (9th Cir. 2005). Hence, Plaintiff failed to exhaust his administrative remedies concerning his claims against Defendants here.

To the extent Plaintiff argues a letter directed to Warden Pfeiffer served to exhaust his claims against Defendant Pfeiffer, he is mistaken. California prison system's grievance regulations "define the boundaries of proper exhaustion." *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009). And in *Wilson v. Wann*, another judge of this Court held that letters to the warden and internal affairs do not exhaust administrative remedies under analogous regulations. No. CIV S-06-1629 GEB KJM P, 2008 WL 4166886, *2 (E.D. Cal. Sept. 8, 2008), findings and recommendations adopted, 2008 WL 4809849 (E.D. Cal. Nov. 3, 2008), *aff'd*, 369 Fed. Appx. 841 (9th Cir. 2010). *See also Cato v. Darst*, No. 2:14-cv-0959 TLN KJN P, 2016 WL 1734759, at *14 ("While [a letter to the CDCR Director] caused a use of force investigation to be initiated, a use of force investigation does not satisfy the administrative exhaustion requirement of the PLRA").

Finally, to the extent Plaintiff's opposition can be understood to assert he fully complied with the administrative procedures in place and that grievance log number KVSP-0-20-1551 was properly exhausted, again, he has offered no evidence to support his assertion.[2] Rule 56(e)(3)

---

[2] Out of an abundance of caution, the Court considered Plaintiff's motion to compel filed October 13, 2023. (Doc. 38.) However, nothing in Plaintiff's motion to compel changes the outcome here. Plaintiff provided only his own handwritten, re-created versions of forms, documents or correspondence he purportedly sent as a part of the grievance process. (*See, e.g.*, Doc. 38 at 4-10, 13-18.) Plaintiff did not provide a photocopy of any actual form or document he purportedly sent during the grievance process. The Court is not required to accept Plaintiff's handwritten, re-created versions of forms, documents or correspondence. *See* Fed. R. Civ. P. 56(e)(3). Notably too, the grievance dated and signed by Plaintiff on September 9, 2020 (*see* Doc. 38 at 19-20) does not include any log number or any other indication that the appeal—prepared nearly five months after the incident giving rise to Plaintiff's claims here—was ever submitted. As noted in the Order Denying Plaintiff's Motion to Compel, although the motion was denied on other bases, the Court had "concerns about the authenticity and admissibility of his offerings." (Doc. 48 at 4.) *See, e.g.*, *Thomas v. Heberling*, No. 1:12-cv-01248-AWI-SAB (PC), 2015 WL 5553715, at *7 (E.D. Cal. Sept. 18, 2015) (plaintiff's "hand copy," not photocopy, of an appeal not properly authenticated, citing Fed. R. Evid. 901 and relevant authority; recommending summary judgment for a failure to exhaust administrative remedies be granted), findings and recommendations adopted October 19, 2015 (Doc. 130); *Bishop v. Harrington*, No. 1:11-cv-00094-LJO-SAB (PC), 2016 WL 3448078, at *8-10 (E.D. Cal. June 22,

provides that where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact …, the court may: … (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("mere existence of a scintilla of evidence in support of the [nonmovant's] position" is insufficient; there must be evidence on which a jury could "reasonably find" for the nonmovant); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (to defeat summary judgment, nonmoving parties "must do more than simply show that there is some metaphysical doubt as to the material facts").

Plaintiff's opposition, although signed under penalty of perjury, offers nothing to overcome the evidence submitted by Defendants. First, although Plaintiff asserts he used "all the steps that the agency holds out," he has provided no documentation to refute that offered by Defendants. Plaintiff states he submitted "a declaration with lettered exhibits, set one, set two, and set three" on October 19, 2023, and that exhibit set two, "is a true handwriting copy of a CDCR grievance dated 4/29/2020, with a Log #KVSP-0-20-01551." (Doc. 44 at 1.) None of the materials referenced however have been provided to the Court for consideration. Plaintiff's opposition is comprised of two pages and does not include any attachments or exhibits. Second, Plaintiff contends that on July 24, 2023 and September 18, 2023, "attorney for Defendants did, failed to fully produce documents." (Doc. 44 at 2.) Plaintiff does not explain how Defendants' purported failure to produce unspecified documents is relevant to this motion. Next, Plaintiff states he "is attaching copies of Plaintiff third request for production of documents in which these documents also necessary to show to the court for a consider of Plaintiff request for denied of Defendants summary judgment." (Doc. 44 at 2.) Yet no documents were attached to this filing; thus, there is nothing for this Court to consider. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989) (conclusory allegations, unsupported by evidence are insufficient to defeat a motion for summary judgment). Lastly, Plaintiff's opposition states he has limited knowledge of the law and

---

2016) (same), findings and recommendations adopted December 9, 2016.

these issues are complex. (*Id.*) The majority of pro se litigants have limited knowledge of the law and find the issues involved to be complex. However, neither circumstance creates a genuine material dispute of fact sufficient to defeat summary judgment.

To the extent Plaintiff's opposition, liberally construed, asserts administrative remedies were effectively unavailable, the assertion fails. A remedy is available if it "capable of use for the accomplishment of a purpose" or "is accessible or may be obtained." *Eaton v. Blewett*, 50 F.4th 1240, 1245 (9th Cir. 2022) (quoting *Ross*, 578 U.S. at 642). The Supreme Court has recognized three circumstances in which administrative remedies are effectively unavailable: (1) when the grievance system "operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when the system is "so opaque that it becomes, practically speaking, incapable of use"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* (quoting *Ross*, 578 U.S. at 643–44). The Ninth Circuit has found administrative remedies effectively unavailable in several other circumstances. *Id.* (citing *Fordley v. Lizarraga*, 18 F.4th 344, 358 (9th Cir. 2021)) (holding that a prison's failure to respond to an emergency grievance for several months in contravention of its own deadlines rendered administrative remedies unavailable); *Sapp*, 623 F.3d at 823 (holding that a prison's improper screening of a grievance renders administrative remedies effectively unavailable); *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010) (holding that an inmate was excused from the exhaustion requirement where the inmate was unable to access a policy necessary to bring a timely administrative appeal); *Albino*, 747 F.3d at 1177 (holding that an inmate is excused from failure to exhaust where he was unable to access information about the administrative grievance process); *Marella v. Terhune*, 568 F.3d 1024, 1026 (9th Cir. 2009) (holding that an inmate is excused from non-exhaustion of administrative remedies where he is unable to obtain the form necessary to submit a grievance).

Here, Plaintiff's opposition does not establish unavailability on any basis. There is nothing to indicate the grievance system "operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates," that it is "so opaque that it becomes, practically speaking, incapable of use," or that prison officials "thwart inmates from

11

1 taking advantage of a grievance process through machination, misrepresentation, or intimidation."
2 *Eaton*, 50 F.4th at 1245. Nor is there any indication of any other circumstance indicating an
3 administrative remedy was unavailable to Plaintiff. *Id*. (citing to *Fordley*, *Sapp*, *Nunez*, *Albino*,
4 *Marella*). And, where an appeal is cancelled due to a procedural error on the part of the inmate,
5 administrative remedies remain available to the inmate – namely, appealing the cancellation
6 decision. *See Cortinas v. Portillo*, 754 F. App'x 525, 527 (9th Cir. 2018) ("Because [plaintiff]
7 could have appealed his cancellation decision ... the improper cancellation of his appeal did not
8 render administrative remedies effectively unavailable to him"). It is undisputed that Plaintiff did
9 not appeal the cancellation of his grievance. (UDF ¶¶ 6, 7.) Plaintiff's failure to follow
10 instructions to appeal a cancelled grievance does not render the administrative remedies
11 unavailable. *See, e.g.*, *Martinez v. Davey*, No. 1:16-cv-01658-JLT (PC), 2021 WL 3772004, at *4
12 (E.D. Cal. Aug. 25, 2021) ("Plaintiff does not argue [unavailability] occurred, and the evidence
13 demonstrates that Plaintiff frequently utilized the administrative remedies available to him during
14 this time. Consequently, because he did not utilize and exhaust the administrative remedies as to
15 his claims against Lewis and Davey prior to filing this action, summary judgment in their favor is
16 appropriate"), findings and recommendations adopted, 2021 WL 4480498 (E.D. Cal. Sept. 30,
17 2021).
18    In sum, Plaintiff fails to meet his burden as the non-moving party. *Albino,* 747 F.3d at
19 1172. There are no genuine issues of material fact in dispute. *Celotex*, 477 U.S. at 322. The Court
20 will recommend Defendants' motion for summary judgment be granted.

21    **V.     CONCLUSION AND RECOMMENDATIONS**
22    Based on the foregoing, IT IS HEREBY RECOMMENDED that:
23    1. Defendants' motion for summary judgment for a failure to exhaust administrative
24       remedies (Doc. 37) be **GRANTED;**
25    2. Judgment be entered in favor of Defendants Lawhorn, Mariscal and Pfeiffer;
26    3. Plaintiff's complaint be dismissed without prejudice; and
27    4. The Clerk of the Court be directed to close this case.
28    These Findings and Recommendations will be submitted to the United States District

12

Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 26, 2024**

UNITED STATES MAGISTRATE JUDGE