UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. LAWHORN, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01602 JLT CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Doc. 49) |

　　　Ricardo Martinez seeks to hold the Defendants liable for civil rights violations pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　The assigned magistrate judge recommended Defendants' motion for summary judgment for a failure to exhaust administrative remedies be granted, that judgment be entered in Defendants' favor, and that Plaintiff's complaint be dismissed without prejudice. (Doc. 49.) The magistrate judge found undisputed the following material facts: (1) the relevant grievance (Log No. KVSP-0-20-01551) did not mention two of the three Defendants; (2) as to the third Defendant, Correctional Officer Lawhorn, the grievance was cancelled at the second level because Plaintiff failed to meet with the investigating lieutenant; and (3) Plaintiff failed to appeal that cancellation. (*Id.*)

　　　Plaintiff timely filed objections to the findings and recommendations. (Doc. 50.) In his

objections, Plaintiff contends there is a genuine factual dispute and that he "is showing to the court the necessary information and evidence." (Doc. 50 at 1.) He makes various assertions, including that: (a) information was suppressed in the grievance paperwork for Log No. KVSP-0-20-01551 and from a "CDC Form 695," (*id*. at 1–4); (b) the interview with Lieutenant Moore was "completed" on May 18, 2020, (*id*. at 1, 2); (c) he filed a medical grievance, Log No. KVSP-HC-2000775, that was delayed for fifteen months, (*id*. at 4), and (d) he sent "about 35 letters" to Defendant Pfeiffer between March 2018 and March 25, 2021, but the warden failed to act on the information (*id*.). Plaintiff attaches various documents to his objections, including: (1) a single page May 18, 2020, screening at the second level for Log No. KVSP-O-20-01551, indicating the appeal was accepted as a staff complaint with a handwritten notation by Plaintiff (*id*. at 6); (2) a two-page grievance assigned Log No. KVSP-O-20-1551 (*id*. at 7-8); (3) a single page May 20, 2020, screening at the second level for KVSP-O-20-01551, indicating the appeal was cancelled due to Plaintiff's refusal to be interviewed and a handwritten notation by Plaintiff (*id*. at 9); (4) a single page of handwritten correspondence directed to "appeal coordinator" dated and signed by Plaintiff on June 29, 2020 (*id*. at 10); and (5) a five-page document titled Plaintiff's Third Request for Production of Documents (*id*. at 11-15).

Plaintiff's objections are unpersuasive. Plaintiff has presented no evidence to support his assertions that information was "suppressed" from Log No. KVSP-O-201551, and as a result, Plaintiff fails to meet his burden of production. To the extent Plaintiff contends the interview with the assigned lieutenant was completed, disputing Defendants' argument that Plaintiff refused to participate in an interview, even accepting Plaintiff's assertion as true,[1] Defendants are entitled to summary judgment. This is so because Plaintiff has failed to produce any evidence that he appealed the cancellation of his grievance. As the magistrate judge correctly concluded, "Plaintiff did not file a separate appeal challenging the cancellation decision" (Doc. 48 at 8) and where "some relief was still available to Plaintiff through the administrative process, he was required to

---

[1] It appears to the Court the assignment to a lieutenant to conduct a second level interview was to be completed by June 17, 2020; on June 3, 2020, Lieutenant Moore indicated he had completed the assignment. (Doc. 37-2 at 4.) That information does not serve as evidence that an interview was "completed" as Plaintiff's asserts, nor does it serve to contradict the evidence presented by Defendants indicating Plaintiff refused to participate in an interview. (Doc. 37-2 at 5 & Doc. 37-1 at 3, ¶ 8.)

continue his exhaustion efforts even if the exhaustion process would ultimately prove futile" (*id.* at 9). Additionally, Plaintiff's assertions that he sent 35 letters to Warden Pfeiffer concerning the appeals coordinators at KVSP and that he filed a health care grievance that was delayed for 15 months do not create a genuine issue of material fact that would defeat summary judgment. Nor do the documents comprising Exhibit A to Plaintiff's objections necessitate a different outcome here. In fact, the Court notes the grievance submitted in Exhibit A (Doc. 50 at 7-8) to Plaintiff's objections mirrors that submitted by Defendants in support of their motion (*see* Doc. 37-2 at 3-4). In sum,

According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 26, 2024 (Doc. 49) are **ADOPTED IN FULL**.
2. Defendants' motion for summary judgment for a failure to exhaust administrative remedies (Doc. 37) is **GRANTED**.
3. The Clerk of Court is directed to enter judgment in favor of Defendants D. Lawhorn, L. Mariscal and C. Pfeiffer.
4. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.
5. The Clerk of the Court is directed to terminate any pending motions or deadlines and to close this case.

IT IS SO ORDERED.

Dated: __April 17, 2024__

UNITED STATES DISTRICT JUDGE